UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COURTENAY J., *et al.*,

    **Plaintiffs**,

    v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY, *et al.*,

    **Defendants.**

Civil Action No. 25-80 (JEB)

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Courtenay J. and her son J.M. have sued Cigna Health and Life Insurance Company, Danaher Corporation, and Danaher Corporation & Subsidiaries Medical Plan, seeking a recovery of benefits and appropriate equitable relief for alleged violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and the Mental Health Parity and Addiction Equity Act (MHPAEA), 29 U.S.C. § 1132. See ECF No. 1 (Compl.), ¶ 10. They contend that Defendants wrongfully denied coverage for medically necessary treatment of J.M.'s mental-health disorders. See Compl., ¶¶ 83, 87. They now move to proceed pseudonymously because J.M. was a minor at the time of the treatment underlying the Complaint. See ECF No. 2 (Mot.), ¶ 12. Although federal and local rules already require parties to redact a minor child's name from all filings, see Fed. R. Civ. P. 5.2(a); LCvR 5.4(f)(2), Courtenay J. contends that disclosing her identity "would naturally lead to the identification of [her] son." Mot., ¶ 13. Agreeing, the Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a

1

pseudonymous complaint").

I.   **Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

II.   **Analysis**

At this early stage, Plaintiffs have met their burden to show that the privacy interests at

stake outweigh the public's presumptive and substantial interest in learning their identities.

First, as the Complaint makes clear, Plaintiffs seek to proceed under pseudonyms not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). The Complaint details J.M.'s medical diagnoses, mental-health issues and treatment, and experiences with substance abuse. See, e.g., Compl., ¶¶ 22, 48–49, 51, 53, 55. These portions of the Complaint reveal "paradigmatically 'sensitive' and 'highly personal'" details about J.M.'s medical history while he was a minor. Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) (quoting J.W. v. Dist. of Columbia, 318 F.R.D. 196, 202 (D.D.C. 2016)). As Plaintiffs share a residential address, see Compl. at 1 n.1., "the public could easily uncover [J.M.'s] confidential . . . records[] and personally identifiable information" through disclosure of his parent's full name and address. See J.W., 318 F.R.D. at 200.

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiffs and to "innocent non-parties," also counsels granting the Motion. See In re Sealed Case, 971 F.3d at 326 (quotation marks and citation omitted). The Complaint details J.M.'s suicidal ideation and self-harm and his therapist's recommendation that he "be transitioned to a residential treatment center where he could have 24-hour supervision and support" for his safety. See Compl., ¶ 49. Plaintiffs contend that "public identification . . . could lead to further mental harm." Mot., ¶ 11. Risks of mental harm suffice for this factor, especially where a plaintiff or innocent non-party is mentally ill or already receiving psychiatric treatment. See, e.g., Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014) ("Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor

weighs in favor of anonymity."); Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) ("Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage is anticipated if a party's identity is disclosed.") (cleaned up); Doe v. Roman Cath. Diocese of Greensburg, 2021 WL 12137383, at *7 (D.D.C. Feb. 12, 2021) (crediting claim in similar case that "the stress associated with [proceeding publicly] would exacerbate the symptoms of [plaintiff's] mental illness") (citation omitted).

The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — further supports proceeding under pseudonyms. Although J.M. is no longer a minor, "the case concerns, in substantial part, confidential medical . . . records from when he was younger." T.F. v. Dist. of Columbia, No. 23-3612, ECF No. 4 (Mem. Op.) at 3 (D.D.C. Dec. 7, 2023). The Court therefore "has no qualms in concluding, as other courts have under similar circumstances, that his age weighs in favor of proceeding pseudonymously." Id. at 3–4; see, e.g., Charles H., 2021 WL 6619327, at *1, 3 (third factor supported pseudonymity in IDEA case involving eighteen- and twenty-year-old students); J.C. v. McKnight, 2023 WL 5487216, at *2 (D. Md. Aug. 24, 2023) ("Courts have found that the third . . . factor weighs in favor of anonymity for eighteen- and nineteen-year-old plaintiffs because they are young adults who may still possess the immaturity of adolescence.") (cleaned up). This factor thus weighs in Courtenay J.'s favor because she and J.M. "share common privacy interests due to their intractably linked relationship." J.W., 318 F.R.D. at 201.

The fourth factor, assessed alone, supports disclosure in this case. Courts have generally disfavored pseudonymity in cases where defendants are private entities, as here. See Cabrera, 307 F.R.D. at 8 ("This factor weighs against allowing the plaintiff to use a pseudonym because

4

the defendant is a private litigant, who undoubtedly has concerns about his reputation."); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations").

The fifth factor, however, points towards non-disclosure. This factor considers whether allowing Plaintiffs to proceed pseudonymously would pose a "risk of unfairness" to Defendants, In re Sealed Case, 971 F.3d at 327 (quotation marks omitted). Here, they would suffer no unfairness if the Motion were granted because Plaintiffs have already disclosed their identities under seal. See ECF No. 3 (Sealed Document); see also Mot., ¶ 14; Compl. at 1 n.1; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity). Defendants, of course, remain free to request any further information they deem necessary to the full and fair defense of the case, and Plaintiffs remain free to object.

In sum, as the fourth factor alone supports disclosure, the balance heavily favors permitting Plaintiffs to proceed under pseudonyms at this stage.

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; and

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  February 7, 2025